# IN RE HERCULES POWDER COMPANY.

TRADEMARKS; DESCRIPTIVE WORDS.

1. The word "Infallible," as applied to smokeless powder, is descriptive of the goods with which it is used and of the character or quality of such goods, within the meaning of the Trademark Act, and is therefore not registrable as a trademark. (Following *Re Central Consumers Co.* 32 App. D. C. 523.)

2. A descriptive word in a foreign language, although meaningless to the public generally, is within the meaning of the Trademark Act prohibiting the registration of descriptive words as trademarks, since it is the real signification of the word or device, and not the idea which it may, or may not, convey to the general public, which brings it within the act.

No. 1045.   Patent Appeals.   Submitted November 16, 1916.   Decided February 5, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents denying an application for registration of a word as a trademark.                                    *Affirmed.*

The facts are stated in the opinion.

*Mr. Edwin J. Prindle* and *Mr. Warren H. Small* for the appellant.

*Mr. William R. Ballard* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This appeal by the Hercules Powder Company is from the decision of the Commissioner of Patents refusing to register the word "Infallible" as a trademark for "Smokeless Sporting Powder."

The decisions of the Commissioner and the Examiner of Trademarks are based upon the descriptiveness of the word when applied to applicant's goods. Their decisions follow the decision in *Ex parte Sauers Mill. Co.* 129 Off. Gaz. 3161, refusing to register the word "Infallible" as a trademark for flour.

The provisions of the Trademark Act of February 20, 1905, which in our judgment stamps the present mark as unregistrable, forbids the registration of "words or devices which are descriptive of the goods with which they are used, or of the character or quality of such goods." It will be observed that there is a double inhibition. The word or device must not be such as of itself to designate or convey a descriptive impression of what the goods are upon which the mark is used. It also must not be such as to even suggest any idea or impression as to the character or inherent or general qualities of the goods. As we said in the case of *Re Central Consumers Co.* 32 App. D. C. 523: "It was evidently the intention of Congress, in placing these restrictions in the Trademark Act, to prohibit anyone

from acquiring a property right, protected by law in its exclusive use, in a name possessing any inherent signification that would of itself enhance the sale or value of the article or articles to which it may be applied. In other words, it was intended to limit the selection to mere arbitrary words or designs, the value of which should consist alone in their becoming fixed in the public mind through continued use on the goods of the owner. It was not intended that the mark should lend value to the goods, but that the quality of the goods and the reputation of the owner should ultimately make the mark valuable as a symbol in the connection in which it may be used."

The word "Infallible" implies something that never fails and that is certain of operation, incapable of error, and free from uncertainty or liability to failure. The record contains the advertisement of appellant in the National Sportsman for 1912, in which the Infallible brand of powder is described as "a dense powder that is absolutely uniform in velocity and pattern. It is waterproof and not affected by climatic changes. Always in perfect condition everywhere and always reliable,—two requisites giving it clear and undisputed title,—'Infallible.'" Thus, it appears that applicant uses the word in its descriptive sense to suggest the quality of its goods.

Counsel for applicant argued at length that the word is not one which would be suggestive of quality to the large percentage of persons using smokeless powder, and is not such a word as the general public would use to describe quality. It is the act of Congress which condemns the use of descriptive words; hence, it matters not that it may not be suggestive to a large percentage of the users of goods on which it is placed. If descriptive at all, the act forbids its registration. A descriptive word in a foreign language, though meaningless to the public generally, would fall within the statute, since it is the real signification of the word or device, and not the idea which it may, or may not, convey to the general public, which brings it within the act.

The decision of the Commissioner of Patents is affirmed, and

the clerk is directed to certify these proceedings as by law required.                                    *Affirmed.*

Mr. Justice GOULD, of the Supreme Court of the District of Columbia, sat with the Court in the hearing and determination of this appeal, in the place of Mr. Chief Justice SHEPARD.